**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 2:14-CV-00226-APG-VCF<br><br>**ORDER REINSTATING MOTION TO DISMISS, AND PARTIALLY GRANTING AND PARTIALLY DENYING THAT MOTION**<br><br>(Dkt. #31, #58) |
| WHITE PINE COUNTY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>Defendants. | Case No. 2:14-CV-00228-APG-VCF |

This is a consolidated action to review the federal government's decision to grant a right-of-way to the Southern Nevada Water Authority for construction of a pipeline to transport groundwater from other parts of Nevada to Clark County, Nevada. Defendants move to dismiss portions of the complaint in the *White Pine County* action (2:14-CV-00228-APG-VCF, Dkt. #1). I erroneously denied the motion as moot (Dkt. #57). Therefore, I now grant defendants' motion to reinstate it. (Dkt. #58.)

Defendants move to dismiss on three grounds. First, defendants move to dismiss the portion of count fourteen that relies on the American Indian Religious Freedom Act ("AIRFA"). Defendants argue there are no judicially enforceable rights under AIRFA. Second, defendants move to dismiss count eleven, which alleges defendants violated enhanced statutory duties arising out of the trust relationship with the Indian tribe plaintiffs. Defendants contend they do not owe

any enhanced trust duties under the Federal Land Policy and Management Act ("FLPMA"), the National Environmental Policy Act ("NEPA"), or the National Historic Preservation Act ("NHPA"). Rather, they assert that compliance with these statutes fulfills the federal government's trust obligations. Finally, defendants move to dismiss count thirteen, which alleges defendants violated a trust obligation to evaluate and mitigate harm to the Indian tribes' reserved water rights. Defendants argue there is no law imposing on the federal government a trust duty to manage or mitigate adverse effects on the tribes' reserved water rights.

Plaintiffs respond that they do not assert a claim under AIRFA in count fourteen or a claim based on reserved water rights in count thirteen. Rather, plaintiffs clarify they are claiming that defendants' failure to consider the tribes' religious and ceremonial practices and reserved water rights violates defendants' obligations under NEPA. As to the alleged enhanced statutory duties in count eleven, plaintiffs explain they are not asserting an independent breach of fiduciary duty claim. Instead, they are alleging that under the FLPMA, NEPA, and NHPA, the federal government must fulfill its statutory duties with special consideration for the tribes' interests.

Because plaintiffs have clarified they are not asserting independent claims based on AIRFA or reserved water rights, I deny as moot defendants' motion to dismiss counts thirteen and fourteen.

With respect to the enhanced trust obligations alleged in count eleven, generally "a trust relationship exists between the United States and Indian Nations." *Marceau v. Blackfeet Housing Auth.*, 540 F.3d 916, 921 (9th Cir. 2008). However, the trust relationship does not necessarily support a cause of action. *Id.* Instead, the United States' general trust obligations to the Indian tribes "are established and governed by statute rather than the common law, and in fulfilling its statutory duties, the Government acts not as a private trustee but pursuant to its sovereign interest in the execution of federal law." *United States v. Jicarilla Apache Nation*, 131 S. Ct. 2313, 2318, 2323-25 (2011). As a result, "unless there is a specific duty that has been placed on the government with respect to Indians, [the government's general trust obligation] is discharged by [its] compliance with general regulations and statutes not specifically aimed at protecting Indian

tribes." *Morongo Band of Mission Indians v. FAA*, 161 F.3d 569, 574 (9th Cir. 1998); *see also Okanogan Highlands Alliance v. Williams*, 236 F.3d 468, 479 (9th Cir. 2000). Specifically with respect to the statutes plaintiffs rely on in count eleven, the federal government's compliance with the FLPMA, NEPA, and NHPA satisfies its general trust obligations to Indian tribes. *See Gros Ventre Tribe v. United States*, 469 F.3d 801, 814 (9th Cir. 2006); *Morongo Band of Mission Indians*, 161 F.3d at 575-82.

Plaintiffs point to footnote 10 in *Gros Ventre Tribe* to argue that it is an "open" question "whether the United States is required to take special consideration of tribal interests when complying with applicable statutes and regulations and when such an obligation may or may not arise." *Gros Ventre Tribe*, 469 F.3d at 810 n.10;[1] *see also Pit River Tribe v. United States Forest Serv.*, 469 F.3d 768, 788 (9th Cir. 2006) (finding the federal government violated NEPA and the court therefore need not "reach the question of whether the fiduciary obligations of federal agencies to Indian nations might require more"). Yet, the prevailing rule of law remains that the federal government's trust obligation is satisfied by compliance with general statutes and regulations not aimed at protecting Indian tribes unless some statute or regulation imposes upon the government a specific duty with respect to Indians. *See Jicarilla Apache Nation*, 131 S. Ct. at 2324-25.

Here, the complaint alleges the United States entered into a Treaty of Peace and Friendship with the Goshute Shoshone Indians in 1863. (2:14-CV-00228-APG-VCF, Dkt. #1 at 67-68.) Plaintiffs allege the enactment of various environmental laws do not diminish defendants' trust obligations to the tribes under this Treaty. (*Id.*) However, the complaint does not identify any specific duty the Treaty or any related statute or regulation imposes on the

---

[1] The *Gros Ventre Tribe* footnote cites *Island Mountain Protectors*, 144 IBLA 168, 185 (May 29, 1998), a case before the Interior Board of Land Appeals. There, the board stated that the Gros Ventre Tribe had treaties with the federal government pre-dating NEPA and that NEPA's enactment "does not diminish the Department's original trust responsibility or cause it to disappear." *Island Mountain Protectors*, 144 IBLA at 185. Rather, "BLM was required to consult with the Tribes and to identify, protect, and conserve trust resources, trust assets, and Tribal health and safety" in its administration of NEPA. *Id.*

1 federal government.  Thus, the allegations in count eleven that seek to impose "enhanced"
2 statutory duties on the federal government beyond what the FLPMA, NEPA, and NHPA already
3 require fail to plausibly state a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  I
4 therefore grant defendants' motion to dismiss count eleven without prejudice.

IT IS THEREFORE ORDERED that defendants' motion to reinstate (Dkt. #58) is GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Dkt. #31) is GRANTED in part and DENIED in part.  Count eleven of the complaint in the *White Pine County* action (2:14-CV-00228-APG-VCF, Dkt. #1) is dismissed without prejudice.  The motion is denied in all other respects.

DATED this 24th day of February, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE